UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
TYRONE MOORE,

                              Petitioner,                              **MEMORANDUM
                                                                                  AND ORDER**

                            -against-                                      17-CV-6604 (ARR)

UNITED STATES OF AMERICA, LLC, et al.,

                              Defendants.
-------------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       Plaintiff Tyrone Moore ("plaintiff"), having agreed back in December to settle this Federal Torts Claim action for $40,000 (inclusive of fees and costs), now writes to the Court, in a *pro se* capacity, to complain that he had expected to receive a larger share of the settlement funds. See Letter from Tyrone Moore (May 28, 2019) ("Pl. Letter"), Electronic Case File Docket Entry ("DE") #21. While acknowledging that his counsel was entitled to take a 25 percent fee, plaintiff accuses his attorney, Steven Millon, of misleading him into believing that the expenses to be deducted from the settlement funds would be in the range of $1,000 to $2,000. See id. at 1. Plaintiff asks the Court to "either speak to my attorneys about this matter" or to allow him to "withdraw [his] acceptance of the settlement" and assign him an attorney. See id. at 2.

       Plaintiff has no right to withdraw his acceptance of the Court's settlement proposal months after the settlement was finalized and the case was closed. See Evans v. Waldorf-Astoria Corp., 827 F.Supp. 911, 914 (E.D.N.Y. 1993) ("A party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient. . . .")

(quotations omitted), aff'd, 33 F.3d 49 (2d Cir. 1994). As for plaintiff's alternative request, this Court did direct plaintiff's attorney to address the issues raised in plaintiff's letter, and Mr. Millon has done so. See Letter from Steven H. Millon, Esq. (June 3, 2019) ("Millon Letter"), DE #22 (filed under seal). According to Mr. Millon, he had explained to plaintiff, in the course of the litigation, that a medical expert would have to be retained to review plaintiff's voluminous medical records and to examine plaintiff in the prison wing of the hospital where he was confined. See id. at 2. The physician retained by counsel charged $4,500, a figure that Mr. Millon states "was made known to Mr. Moore." Id. In thereafter discussing the Court's proposed settlement, Mr. Millon advised plaintiff that the firm's total disbursements "were approximately $6,000" – a figure that, he notes, underestimated the total costs by less than $60. See id.

At this Court's settlement conference on December 13, 2018, which resulted in a settlement proposal that was subsequently accepted by the parties, Mr. Millon was asked, during an *ex parte* discussion with the Court, to provide an estimate of his firm's disbursements, and his approximation (proffered without the benefit of disbursement records) approached the sum that he now states he discussed with plaintiff in reviewing the Court's recommendation. Accordingly, to the extent that plaintiff believed that the deduction for expenses would not exceed $2,000, plaintiff was mistaken, and his mistaken assumption was not a reasonable one.

Plaintiff further complains that the judge presiding at the settlement conference also "would be the one deciding the trial," and that that judge warned that plaintiff had "better take the deal, because [he'd] lose at trial." Pl. Letter at 2. Plaintiff is again mistaken. First, as the

2

parties were aware, had the case gone to trial, it would have been presided over by District Judge Allyne R. Ross, not by this magistrate judge, who conducted the settlement conference. Moreover, at no time during the settlement conference did this magistrate judge say that plaintiff had "better take" a settlement or would lose at trial; the Court concurs with Mr. Millon's paraphrase of what the Court said. See Millon Letter at 2.

    For the foregoing reasons, plaintiff's application for relief is denied.

    **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
          **July 1, 2019**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**